**Carl RHINEHIMER et al., Plaintiffs in Error,**

v.

**STATE of Tennessee, Defendant In Error.**

Court of Criminal Appeals of Tennessee.

May 22, 1972.

Certiorari Denied by Supreme Court Nov. 6, 1972.

Robert T. McGowan, Nashville, for plaintiffs in error.

David M. Pack, Atty. Gen., Alex B. Shipley, Jr., Asst. Atty. Gen., Nashville, Arnold Peebles, Jr., Asst. Dist. Atty. Gen., Nashville, for defendant in error.

RUSSELL, Judge.

## OPINION

Only two errors are assigned upon this joint appeal of three men convicted of robbery and sentenced to five (5) to ten (10) year penitentiary terms.

It is first contended that the trial court erred in admitting into evidence a cigar box, billet stick and Army jacket seized by officers when the three men were arrested in a motel room. We overrule this assignment. The officers were properly upon the premises (in the small room) by virtue of arrest warrants. The Army jacket was upon the floor in plain view, and was a part of the description of the dress of one of the robbers. When an officer picked it up, the billet stick (a leaded length of a pool cue) was fastened inside the jacket. The robbery had been accomplished by a brutal beating, initiated by a blow from a stick that one of the three robbers "had in his pocket".

We hold that the jacket and billet stick were not the fruits of a search at all, but were found in plain view by officers who had a lawful right to be where they were. Being legitimate items of evidence, the officers had the right to seize them.

The cigar box, containing money stolen in the robbery, was found secreted

under the mattress of a bed upon which one of the arrestees was lying. The testimony was that the man was lying upon the box. Certainly a search there was permissible, as an incident to the lawful arrest, even without a search warrant. Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685, states the applicable rule as follows:

"A similar analysis underlies the 'search incident to arrest' principle, and marks its proper extent. When an arrest is made, it is reasonable for the arresting officer to search the person arrested in order to remove any weapons that the latter might seek to use in order to resist arrest or effect his escape. Otherwise, the officer's safety might well be endangered, and the arrest itself frustrated. In addition, it is entirely reasonable for the arresting officer to search for and seize any evidence on the arrestee's person in order to prevent its concealment or destruction. And the area into which an arrestee might reach in order to grab a weapon or evidentiary items must, of course, be governed by a like rule. A gun on a table or in a drawer in front of one who is arrested can be as dangerous to the arresting officer as one concealed in the clothing of the person arrested. There is ample justification, therefore, for a search of the arrestee's person and the area 'within his immediate control'—construing that phrase to mean the area from within which he might gain possession of a weapon or destructible evidence."

■ We further observe that one of the defendants took the stand and voluntarily admitted the presence of all of this evidence, and claimed that the cigar box containing loot had been found where "two running men" had laid it down in an alley; and said that the Army jacket had not been worn that night, and the billet stick was kept by one of the wives for protection.

Certainly, at least as to him, (Charles Rhinehimer), complaint cannot now even be made as to this evidence, which he has admitted, and attempted to give an innocent cast to. See Lester v. State, 216 Tenn. 615, 393 S.W.2d 288.

Charles Rhinehimer also admitted that the three of them had been in the robbed place of business on the night of the crime, but claimed that they left before any robbery occurred. He tried to explain the finding of the victim's eye-glasses (removed from her before she was brutally beaten, and taken away by the robbers) in the commode of their motel room by saying that they had also been in the "found" box, and that apparently one or more of their children had put them in the commode.

■ The remaining assignment of error complains of the introduction into evidence of a photograph of the victim, depicting a middle-aged lady badly bruised upon the left side of her face and around the left eye, because the defense had offered to stipulate "that she had been hit" and so it is argued that the introduction of the photograph had no legitimate probative value.

We disagree. The big issue in this case was identification. The victim apparently failed to identify the defendants in a post-arrest lineup. The State's explanation was that she had been so bady beaten and injured, and had lost her glasses, etc., that that was why she was not then positive. Certainly the jury was entitled to see the condition of her eye, etc., on that issue.

A careful study of this record reveals an unusually brutal and unnecessarily violent robbery, committed, beyond a reasonable doubt, by these three plaintiffs-in-error; and no reversible error was committed. We affirm the convictions.

MITCHELL and O'BRIEN, JJ., concur.